IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 31 PM 5:41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-20141-01-Ma |
| BENJAMIN JOHNSON, | X | |
| Defendant. | X | |

ORDER DENYING MOTIONS TO MODIFY SENTENCE

On September 16, 2004, and October 22, 2004, defendant Benjamin Johnson, Bureau of Prisons ("BOP") registration number 19553-076, an inmate at the Federal Prison Camp ("FPC") in Pollock, Louisiana, filed motions requesting that he be resentenced to a term of imprisonment in a halfway house. Johnson alleges he will need placement in a halfway house in order to find employment which will allow him to make restitution to his victims.

On March 22, 2004, Johnson pled guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1343. The Court conducted a sentencing hearing on August 9, 2004, at which time the defendant was sentenced to thirty (30) months imprisonment, to be followed by a two-year period of supervised release. An amended judgment was entered on August 10, 2004. Defendant did not appeal.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a judgment imposing sentence. Under 18

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _____ 11-01-05

28

U.S.C. § 3582 and Fed. R. Crim. P. 35, a sentencing court may modify the sentence imposed only under very narrow circumstances. Fed. R. Crim. P. 35(c) permits correction of technical errors in a sentence, but only if the court acts within seven (7) days of the entry of judgment. Although Fed. R. Crim. P. 36 contains no time limitation, it permits only correction of clerical mistakes in judgments. Moreover, 18 U.S.C. § 3582(c), the only statute that authorizes a federal judge to modify a sentence because of a change in circumstances, is inapplicable here.

Under 18 U.S.C. § 3621, persons convicted of federal crimes are committed to the custody of the BOP. That section vests the BOP with the discretion to assign prisoners to particular prisons or programs. It does not create any right to amend or modify the judgment under which a prisoner is sentenced. See United States v. Serafini, 233 F.3d 758, 779 n.23 (3d Cir. 2000) ("[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons.") (emphasis in original); United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) (sentencing recommendation designating place of confinement is "mere surplusage"); Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983) (interpreting § 3621(b)'s language "[t]he Bureau may designate any available . . . facility" for a prisoner's confinement as not creating any statutory right to assignment to a particular prison or to transfer between prisons); Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va.

2

1988)(same); cf. Lopez v. Davis, 531 U.S. 230, 238-44 (2001) (interpreting 18 U.S.C. § 3621(e)(2)(B) broadly to permit the BOP to exercise its discretion on a categorical or case-by-case basis).

Similarly, 18 U.S.C. § 3624(c), permitting the BOP to release a prisoner to a community corrections facility before a mandatory release date, has been interpreted as vesting discretion in the BOP, not creating a right to such release. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992); United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991). Neither statute authorizes the relief requested.

Section 3624(c) provides in relevant part as follows:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, <u>not to exceed six months, of the last 10 percentum of the term to be served</u> under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. (Emphasis added)

While § 3624(c) clearly allows the BOP to transfer prisoners to halfway houses, the plain language is clear that such transfers are not to exceed the <u>lesser</u> of the last ten percent of the sentence imposed, or six months. Accordingly, since Johnson was sentenced to thirty months imprisonment, the statute authorizes his transfer to a halfway house only after he serves ninety percent of his sentence.

Accordingly, for the reasons stated herein, the court lacks jurisdiction to grant any relief and the motions are DENIED. As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's sentence, it is CERTIFIED,

3

pursuant to Fed. R. App. 24(a), that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 31st day of October, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:04-CR-20141 was distributed by fax, mail, or direct printing on November 1, 2005 to the parties listed.

---

Tommy Parker
167 N. Main, 8th Floor
Memphis, TN 38103

James V. Ball
THE BALL LAW FIRM
3173 Poplar Ave.
Memphis, TN 38111

Honorable Samuel Mays
US DISTRICT COURT